# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>vs.<br><br>Joshua Michael Riley,<br><br>   Defendant. | Case No.:2:12-cr-478-JAD-VCF<br><br>**Order Denying Defendant's Request to Modify Conditions of Pre-Trial Release [Doc. 123]** |

  On December 18, 2012, almost six months after an allegedly gruesome raid on his home by federal and state authorities, Joshua Michael Riley was indicted for his efforts to lead an effort to manufacture, market, and sell a large quantity of substances dubbed "spice" and "bath salts," but which the government alleges are actually controlled- substance "analogues" as defined in 21 U.S.C. § 802(32)(A).  The Third Superseding Indictment charges Riley and four other individuals with fourteen counts relating to the conspiracy, manufacture, possession, and distribution of the "spice" and "bath salts."  *See* Doc. 123 at 1-9.  It also charges Riley with six additional counts of engaging in a series of financial transactions with the proceeds of the enterprise.  *Id.* at 9-10.

  Riley was originally ordered detained under the Bail Reform Act of 1984, 18 U.S.C. § 3142, as U.S. Magistrate Judge Leen found that there was a serious risk that Riley would endanger the safety of another person or the community.  Doc. 19 at 2.  Judge Leen reasoned that "[t]he allegations lodged against [Riley] involve a long term conspiracy to engage in the

manufacturing and distribution of controlled substances and controlled substance analogues." *Id.* Judge Leen also accepted the Government's proffer that Riley ignored authorities' direction that he cease and desist distributing the "spice" and "bath salts." Judge Leen also noted that Riley's "criminal history reflects previous convictions for the crime of violence of robbery, a misdemeanor conviction for assault causing bodily injury, and multiple convictions for driving under the influence which indicates problems with alcohol abuse." *Id.*

After changing counsel, Riley moved to reopen his detention hearing on January 14, 2013. Doc. 33. At the time, Riley pointed out, *inter alia*, that "the pretrial services office may have inaccurately reported his criminal history in its report" by mischaracterizing a 1999 misdemeanor assault as a felony. *See id.* at 2, 7.[1] Riley requested release "with electronic monitoring, house arrest, tracking through the Global Positioning System, a daily reporting requirement, a third party custodian, and a secured bond." Doc. 33 at 12.

At a February 5, 2013, hearing before Judge Leen, Riley's counsel reiterated his arguments and also contended that even if he had received a cease and desist letter, the substance of the case suggests that the substance might not be illegal, and thus Riley had done what any citizen was entitled to do under the law. Judge Leen granted Riley's motion to reopen the detention hearing, finding that he had not been convicted of a felony offense, as was originally believed. *See* Doc. 47.[2] The Court also noted that Riley was not a flight risk because he remained in the Las Vegas area between the July 25, 2012, raid and his December 2012, arrest. *See id.* The judge released Riley on a PR Bond and under the custody of his father. *See id.* Riley was made subject to home detention with GPS monitoring. *See id.* Finding that Riley's

---

[1] Riley supplemented his motion with documents from the 314th Juvenile District Court in Harris County, Texas, indicating that he had been convicted of a "Misdemeanor A" for assault on November 10, 1999. Doc. 39-1. Riley later submitted evidence from Texas courts indicating that he had been convicted of DUIs on two occasions, not three as pretrial services calculated. Doc. 42-1.

[2] The hearing on the motion indicates imposition of other conditions, such as compliance with the orders of Nevada State Child Protective Services. None of these other "special conditions" are at issue in the motion currently under consideration.

offense history clearly demonstrated a problem with alcohol, Riley was also ordered to refrain from all alcohol consumption.  *See id.*

On May 1, 2013, Riley and the United States stipulated to a modification of his conditions of pretrial release.  Doc. 87.  The stipulation, to which Riley's pretrial services officer did not object, proposed removing Riley's third-party custodian, and replacing Riley's GPS monitoring with radio frequency monitoring.  Doc. 87 at 1.  On May 14, 2013, the Court granted that stipulation.  Doc. 101.

On September 9, 2013, Riley moved again to modify the conditions of his pre-trial release.  Doc. 119.  Riley now requested removal of home detention and radio frequency monitoring and that the condition "requiring him to refrain from use of alcohol be modified to only prohibit excessive use of alcohol."  *Id.* at 3.  Riley reiterated the arguments made in his original motion to reopen the detention hearing and added that he had been compliant with all pretrial conditions during the pendency of this case, thus suggesting that he is not a flight risk.  *See id.* at 3.  He claimed that while he had issues with alcohol-related DWI's in the past, these issues were not recent and he had no substance abuse problems.  *See id.*  Riley represented that his pretrial services officer had no objection to any of these modifications.  *See id.*

Unlike with the May 1, 2013, stipulated modification, the government opposed this motion.  Doc. 120.  The government argued that each of the counts with which Riley had been charged triggered a presumption that no combination of conditions would ensure that Riley was not a danger to the community under 18 U.S.C. § 3142(e)(3), and Riley's compliance with the conditions of pretrial release did not surmount this presumption.  The government pointed out that Riley had several prior DWI arrests, which led to "multiple" DWI conditions.  *Id.*  These, in addition to Riley's prior arrests for robbery, assault causing bodily injury, reckless driving, driving with a suspended license, resisting arrest, giving false or fictitious identification, driving with an invalid license, and unlawful carrying of a weapon, create a danger to the community if the condition restricting his use of alcohol is removed.  *See id.* at 3-4.  The government

concluded that given Riley's documented irresponsible behavior when under the influence of alcohol, there were no grounds to conclude that he would not consume alcohol "in excess," however defined, and that any consumption of alcohol would likely pose a danger to the community. *Id.*

In his reply, Riley reiterated that he had complied with all pretrial release conditions during the pendency of the case, argued that the court could not make a preemptive determination regarding his guilt when considering pretrial release conditions, and claimed that the government was obligated to prove the viability of detention by clear and convincing evidence under 18 U.S.C. § 3142(f). Doc. 121 at 2-5. Riley also contended that the last of his convictions came nine years ago, and all of his criminal activity had occurred when he was a "very young adult." *See id.* at 3. In particular, his DWI convictions occurred more than 10 years ago. *See id.*

Riley also argued that he had every reason to seek to litigate this case, as "there are serious concerns with the government's allegations regarding the alleged 'analogue' substances, as well as the search of [his] residence." *Id.* at 3. He also asserted that he had lived in Las Vegas with his wife, five year-old son, two cats, and "(until July 2012) two dogs" for over two years and owned a home here. *See id.* at 4. He also contended that his close-knit family had supported him through the pendency of this case. *See id.* Riley argued that all of these factors weighed heavily against any concern that modification of his pretrial conditions poses a risk of flight. *See id.* Finally, Riley argued that he did not request complete removal of the alcohol monitoring condition, but rather a modification of the same which will permit him to consume alcohol in moderation. *Id.* at 5. He also argued that he does not oppose continuous monitoring of his condition. *See id.*

On October 15, 2013, Magistrate Judge Leen denied Riley's motion. Doc. 122. She summarized the parties' arguments and noted that a "significant reason" for initially holding Riley in detention was the fact that he "had been warned in writing by federal authorities, prior to his arrest, that he should cease and desist from distributing controlled substance analogues," yet

"based on the government's proffer . . . continued to engage in distribution of controlled substance analogues after being specifically warned that his conduct was illegal." Doc. 122 at 2. Conjoined with the serious nature of the charges now levied against Riley, as well as Riley's prior criminal history, the Court concluded that the May 1, 2013, conditions of release remained necessary. *Id.* at 3.

On October 21, 2013, Riley filed the instant motion, in which he "objects" to Judge Leen's denial.[3] The Court has now conducted a thorough *de novo* evaluation of Riley's arguments in support of his motion, and reviewed the full record as well as the audio recording of the February 5, 2013, hearing before Judge Leen. For the following reasons, Riley's motion is denied.

**Discussion**

Title 18 U.S.C. § 3142(a) provides, "[u]pon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be . . . (2) released on a condition or combination of conditions under subsection (c) of this section." *Id.* Under 18 U.S.C. § 3142(c), if a court determines that a person should not be released on their own recognizance, release may be ordered:

> (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person--
> . . . .
> (vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
> . . . .
> (ix) refrain from excessive use of alcohol . . .
> . . . .
> (xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person

---

[3] The government then contended in its response to the motion now filed before this Court that Riley's "objection" is, in fact, a motion for reconsideration of Judge Leen's Order and "[i]f defendant's objection was intended to be a motion for amendment of the conditions of release to the court having original jurisdiction pursuant to 18 U.S.C. § 3145(a)(2), then it needs to be filed as such." Doc. 141 at 4 & n.1. The Court agrees with the government that in reality Riley's Motion is better characterized as a motion to amend his conditions of release under 18 U.S.C. § 3145(a)(2), and now considers it as one.

and the community."
18 U.S.C. § 3142(c)(1)(B). The Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). However, "[t]he government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest." *United States v. Salerno*, 481 U.S. 739, 748 (1987). Nothing in 18 U.S.C. § 3142 "shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j).

"The judicial officer may at any time amend the order to impose additional or different conditions of release." *Id.* at § 3142(c)(3). Additionally, "[i]f a person is released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense . . . (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release." 18 U.S.C. § 3145(a). The district court reviews a magistrate judge's detention order under 18 U.S.C. § 3145(a) *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990) (considering detention order under 18 U.S.C. § 3145(b)); *United States v. Petersen*, 557 F. Supp. 2d 1124, 1127 (extending *Koenig* to motion brought under 18 U.S.C. § 3145(a)). Although the Ninth Circuit has not ruled on whether a district judge's review of a magistrate judge's order on a motion seeking to modify conditions of release under § 3142(a)(2) should be reviewed *de novo*, trial courts routinely do so. *United States v. Overstreet*, 2011 WL 5079848, at *1 (D. Idaho Oct. 26, 2011) (citing *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990); *United States v. Pool*, 2009 WL 2152029, at *1 (E.D. Cal. July 15, 2009), *vacated on other grounds*, 659 F.3d 761, 761-62 (9th Cir. 2011).[4]

The District Court may *sua sponte* reopen a detention hearing under § 3145, *United States*

---

[4] Other circuits have generally extended this *de novo* review to motions brought under 18 U.S.C. § 3145(a). *See, e.g.*, *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (appeal of district judge's revocation of pretrial release order); *United States v. Delker*, 757 F.2d 1390, 1392-95 (3d Cir. 1985) (same); *United States v. Reuben*, 974 F.2d 580, 585 (5th Cir. 1992) (appeal by government of district judge's release order); *United States v. Tortora*, 922 F.2d 880, 883 (1st Cir. 1990) (same).

*v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991), but in so doing it "is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." *Koenig*, 912 F.2d at 1193. Instead, "[i]t should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* Accordingly, other circuits have found that "§ 3145 does not require that new information be available before a release or detention order can be reconsidered and revoked." *Cisneros*, 328 F.3d at 614.

### A.     Reliance on the Government's Proffer

Riley claims that Judge Leen made an "improper assumption" that Riley continued to engage in distribution of controlled-substance analogues after being warned by the government that the substances are illegal, thus suggesting that Riley's conduct was, in fact, illegal. Doc. 123 at 6-7. Riley claims that whether he possessed illegal substances "is the central issue in this case," as according to him the alleged "spice" and "bath salts" were not classified as Schedule I controlled substances until October 1, 2012, well after any alleged illegal conduct in this case. *See id.* at 7. As a result, he contends, Judge Leen's acceptance of that evidence undercut the presumption of innocence that Riley enjoys under the United States Constitution. *See id.* The government, aside from contesting the legality of Riley's actions, also counters that the Court was free to consider extrinsic evidence of the impact of the "spice" and "bath salts" on the community at large in considering Riley's request. Doc. 141 at 6.

Judge Leen properly accepted the Government's proffer and drew an "inference" from it when called upon to reconsider her prior pretrial release order. "A district court has the authority to approve the modification of pretrial release conditions mindful of the factors set forth in 18 U.S.C. § 3142(g) that such conditions would reasonably assure a defendant's appearance at trial and the safety of the community." *See, e.g.*, *United States v. Smith*, 2012 WL 3776868, at *3 (D. Ariz. Aug. 31, 2012); *see United States v. Brown*, 2012 WL 3293719, at *1-*2 (D. Nev. Aug. 9, 2012); *cf. United States v. Tooze*, 236 F.R.D. 442, 446-48 (D. Ariz. 2006) (reaching analysis of §

3142(g) factors when the *government* appealed a Magistrate Judge's release decision in toto under § 3145(a)). Under 18 U.S.C. § 3142(g), "[t]he judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of . . . the community, take into account the available information concerning (1) the nature of the offense charged, including whether the offense . . . involves . . . a controlled substance . . .; (2) the weight of the evidence against the person; (3) the history of and characteristics of the person . . .; and (4) the nature and seriousness of the danger to . . . the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4). The Ninth Circuit cautions that when a court is called upon to determine whether there are *any* conditions of release that would reasonably assure the appearance of a defendant while ensuring the safety of the community under 18 U.S.C. § 3142(g), "the statute neither requires nor permits a pretrial determination that the person is guilty. . . . Otherwise, if the court impermissibly makes a preliminary determination of guilt, *the refusal to grant release* could become in substance a matter of punishment." *Motamedi*, 767 F.2d at 1408 (emphasis added).

Judge Leen did not attribute her findings in the initial detention order (Doc. 19) or the most recent order denying further modification (Doc. 122), to any of the four specific § 3142(g) factors, although it bears mentioning that the cautionary note in *Motamedi* went to the "weight of the evidence" prong, which the Court emphasized was the least important of the four factors. *See Motamedi*, 767 F.2d at 1408. As a threshold matter, Judge Leen's description of the government's letter to Riley does not suggest an improper inference of guilt because she prefaced it by stating that the letter was "based on the government's proffer," before summarizing the letter's contents. Doc. 122 at 2. And Judge Leen could not simply ignore the letter, for "[a]s in a preliminary hearing for probable cause, the government may proceed in a detention hearing by proffer or hearsay." *United States v. Windsor*, 785 F.2d 755, 756 (9th Cir. 1986).[5]

---

[5] Indeed, 18 U.S.C. § 3142 imposes presumptions against pretrial release for the crimes with which Riley has been charged. "Subject to a rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the

Even assuming *arguendo* that Judge Leen's characterization was somehow an improper inference upon which she placed unwarranted weight, it was harmless because her ultimate conclusion was nevertheless sound. The letter was not the only evidence she cited in support of her decision. Judge Leen also found, *inter alia*, that Riley was charged with multiple counts of engaging in kilo-quantity distribution of controlled-substance analogues, had a misdemeanor conviction for assault causing bodily injury in 2005, and had been arrested several times between 2000 and 2004 for driving under the influence. Doc. 122 at 2. A *de novo* review of Judge Leen's additional findings confirms that these considerations alone justify her denial of Riley's modification request. The Court thus declines to reopen Riley's detention hearing under § 3145(a) on this basis. *See Gebro*, 948 F.2d at 1120.

**B.     Request for Removal of Radio Frequency Monitoring and Home Detention**

Riley points to his compliance with pretrial conditions during the pendency of this case as grounds for granting his motion to remove his home detention and radio frequency monitoring. *See* Doc. 123 at 4. Riley claims that there is no evidence that he poses a physical danger to the community. *Id.* at 8. Riley also contends in his reply that Judge Leen improperly failed to account for the fact that Riley enjoys strong family support, and racked up his criminal history at a young age, and that his revocation was premised upon an erroneous conclusion that he had been convicted of a felony. Doc. 142 at 4-7.

Riley raised all of these points in his original motion to reopen his detention hearing, *see* Doc. 33, and Judge Leen considered them during the February 5, 2013, hearing. At that time,

---

safety of the community if the judicial officer finds that there is probable cause to believe that the person committed (A) an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)." 18 U.S.C. § 3142(e)(3)(A). The Third Superseding Indictment charges Riley with, *inter alia*, violation of 21 U.S.C. §§ 802(32)(A) and 813. *See* Doc. 124 at 1-2. Thus, at all stages of the pretrial process, Riley remained subject to the presumption that no conditions will reasonably secure his release. "The presumption [against pretrial release] is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in § 3142(g)." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quotation omitted).

Page 9 of 11

Judge Leen acknowledged that the erroneous calculation of Riley's criminal history had been a reason for the original pretrial detention order, which upon consideration of new facts she revised, releasing Riley on conditions as he requested. *See* Doc. 47. At the hearing, Judge Leen concluded that Riley was not a flight risk because he had not left the area after the July 25, 2012, raid on his home. Further, Judge Leen's decision to release Riley into the custody of his father was plainly an acknowledgment of his family-support structure.[6] A *de novo* review of Judge Leen's decisions at the February 5, 2013, hearing and the October 15, 2013, Order, as well as the evidence she relied upon in reaching her decisions, brings this Court to the independent, non-deferential conclusion that Riley's detention conditions should not be modified.

C.     **Request for Modification of Alcohol Limitations**

Riley also claims that the provision requiring complete abstinence from alcohol should be modified to allow drinking in moderation. Doc. 123 at 8. He claims that his DUI convictions occurred almost ten years in the past when he was a young man, and that he should be able to make "adult decisions" about alcohol consumption, especially as both he and his wife have been subjected to frequent drug testing over the past year and have never tested positive. *See* Doc. 142 at 3, 7. Further, Riley does not object to the government's monitoring of that condition. *See id.* Riley points out that his pretrial services officer does not oppose this modification. *See id.*

Under only slightly different circumstances, other courts have found that a proffer of evidence of substance abuse addiction, without any demonstration that the addiction led to criminal conduct, was sufficient to impose testing conditions on a defendant. *See United States v. Collins*, 2012 WL 3537814, at *5 (N.D. Cal. Mar. 16, 2012) (denying request to remove urine analysis testing condition where criminal defendant's probation officer reported that he suffered from alcohol addiction). Judge Leen had far more evidence to support her blanket prohibition on Riley's alcohol consumption—as there is no question that Riley was convicted of at least two

---

[6] In her October 15, 2013, order, Judge Leen reiterated these arguments. *See* Doc. 122.

DUIs. *See* Docs. 42-1, 122.[7] The Court's *de novo* review of Judge Leen's decisions in this case reveals no reason to free Riley from his alcohol-limitation condition.

## Conclusion

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

**IT IS HEREBY ORDERED** that Defendant's Objection to Magistrate's Order Denying Defendant's Motions to Modify Conditions of Pre-Trial Release [**Doc. 123**] is overruled and his request to modify his pretrial release conditions is **DENIED**.

DATED: January 22, 2013.

JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[7] Although Riley contests the government's statement that he had "four separate DUI arrests resulting in three convictions," his own rebuttal evidence reflects that he "has two DUI convictions, not three." Doc. 42 at 1.