# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>JOSHUA MICHAEL RILEY, *et al*.,<br><br>                    Defendants. | 2:12–cr–00478–JAD–VCF<br><br>**<u>REPORT & RECOMMENDATION</u>** |

This matter involves the Government's prosecution of five Defendants for allegedly violating the Controlled Substances Act, 21 U.S.C. §§ 801–904 (2009). (*See* Third. Super. Indict. (#124) at 2–12[1]). In pertinent part, the Government alleges that Defendants possessed and intended to distribute four "fake pot" substances, alpha-PVP, AM2201, UR-144, and XLR-11, which are allegedly controlled substances analogues under the Federal Analogue Act, 21 U.S.C. § 813 (1988); (Gov't's Opp'n (#168-1) at 19). Before the court are Defendants' motions to dismiss the third superseding indictment (#147, #148). Joinders, oppositions, and replies have been filed. For the reasons stated below, Defendants' motions should be denied.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12 governs pleadings and pretrial motions. Under Rule 12(b) a criminal defendant may move to dismiss the indictment. *See* FED. R. CRIM. P. 12(b); *United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010). An indictment is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and

---

[1] Parenthetical citations refer to the court's docket.

(3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution. *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted). This means that an indictment is sufficient under Rule 12(b) if the legal allegations are conclusory. *See id*; *accord United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) ("The indictment is sufficient if it charges in the language of the statute.").

When examining a motion to dismiss under Rule 12, the court must take the indictment's allegations as true. 1A WRIGHT & LEIPOLD, FEDERAL PRACTICE & PROCEDURE: CRIMINAL 4TH § 194 (citing, *inter alia*, *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)). If the four corners of the indictment are sufficient, "the district court is bound by the . . . indictment." *See United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). If necessary, the court may make preliminary findings of fact to decide questions of law such as jurisdiction. *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). However, the court may not invade the province of the jury and decide by pretrial motion matters "of the general issue." *Id.*; FED. R. CRIM. P. 12(b)(2) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue").

When deciding a pretrial motion brought under Rule 12, the court's role is merely to determine whether the indictment is facially valid, and not whether either party is entitled to judgment on the pleadings. *See, e.g.*, *United States v. Titterington*, 374 F.3d 453, 457 (6th Cir. 2004) ("[A] pretrial motion alleging a 'defect in the indictment' under [Rule] 12(b)(3)(B), represents the modern equivalent of a 'demurrer' because both pleadings serve to attack the facial validity of the indictment"); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (citation omitted) ("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence").

2

**DISCUSSION**

Defendants' motions to dismiss the Third Superseding Indictment should be denied for two reasons. First, the four corners of the indictment are sufficient because each count in the indictment (1) presents the essential elements of the charged offenses, (2) notifies Defendants of the charges, and (3) enables Defendants to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution. *See Hamling*, 418 U.S. at 117. Second, Defendants' arguments in support of the motions to dismiss challenge the sufficiency of the evidence rather than the sufficiency of the indictment. Both reasons are discussed below.

**I.**   **The Indictment's Four Corners are Sufficient**

The court begins its analysis with the face of the Government's Third Superseding Indictment. *Boren*, 278 F.3d at 914. The indictment charges Defendants Riley, Collado, Alvarado, Fisher, and Haardt with twenty counts in connection with the importation, possession, distribution, and conspiracy to possess and distribute four "fake pot" substances, alpha-PVP, AM2201, UR-144, and XLR-11, which are allegedly controlled substances analogues under the Federal Analogue Act, 21 U.S.C. § 813 (1988). (*See* Third. Super. Indict. (#124) at 2–12). To be sufficient, the indictment must merely present the essential elements of the charges and notify Defendants of the charges to avoid double jeopardy. *See Hamling*, 418 U.S. at 117.

The indictment satisfies this standard. Count one charges Defendants with conspiracy to possess and distribute alpha-PVP, AM2201, UR-144, and XLR-11 in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), (b)(1)(C), and 846. (Third. Super. Indict. (#124) at 2–3). This sufficiently "notifies" Defendants that they are being prosecuted for conspiracy to possess and distribute alpha-PVP, AM2201, UR-144, and XLR-11 in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), (b)(1)(C), and 846. *See Hamling*, 418 U.S. at 117; *Salman*, 378 F.3d at 1268.

3

Count two charges Defendants with importation of one kilogram or more of alpha-PVP on April 10, 2012 in violation of 21 U.S.C. §§ 802(32)(A), 813, 952, and 960. (Third. Super. Indict. (#124) at 3–4). This sufficiently "notifies" Defendants that they are being prosecuted for importing one or more kilogram of alpha-PVP. *See Hamling*, 418 U.S. at 117; *Salman*, 378 F.3d at 1268.

Counts three and four charge Defendants with distributing alpha-PVP and AM2201, which are allegedly controlled substance analogues, on or about June 12, 2012 in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), (b)(1)(C). (Third. Super. Indict. (#124) at 4–5). This provides sufficient notice. *See Hamling*, 418 U.S. at 117; *Salman*, 378 F.3d at 1268.

Count five changes Defendants with illegal using a communication facility on June 12, 2012 in violation of 21 U.S.C. § 843(b). (Third. Super. Indict. (#124) at 5). This is sufficient. *See Hamling*, 418 U.S. at 117; *Salman*, 378 F.3d at 1268.

Counts six, nine, ten, eleven, and twelve charge Defendants with the possession with intent to distribute four "fake pot" substances, alpha-PVP, AM2201, UR-144, and XLR-11, on July 24, 2012 and July 25, 2012 at two separate locations in Las Vegas, Nevada in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), (b)(1)(C). (Third. Super. Indict. (#124) at 5–8). This is also sufficient. *See Hamling*, 418 U.S. at 117; *Salman*, 378 F.3d at 1268.

Counts seven and eight charge Defendants with possession with intent to distribute JWH-205 and RCS-4, which are controlled substances, on July 25, 2012 in violation 21 U.S.C. § 841(a)(1), (b)(1)(C). (Third. Super. Indict. (#124) at 6). This is satisfies Rule 12(b). *See Hamling*, 418 U.S. at 117; *Salman*, 378 F.3d at 1268.

Count thirteen charges Defendants with maintaining a drug-involved premise on July 25, 2012 at 11155 Grans Landing Court, Las Vegas, Nevada in violation of 21 U.S.C. § 856(a)(1). (Third. Super.

Indict. (#124) at 9). This is also satisfies Rule 12(b). *See Hamling*, 418 U.S. at 117; *Salman*, 378 F.3d at 1268.

Counts fourteen to twenty charge Defendants with aiding, abetting, and engaging in monetary transactions involving funds from unlawful activity between February 21, 2012 and June 14, 2012 in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), (b)(1)(C), 852 and 860. (Third. Super. Indict. (#124) at 9–12). This is sufficient. *See Hamling*, 418 U.S. at 117; *Salman*, 378 F.3d at 1268.

As discussed above, when reviewing an indictment under Rule 12, a "district court is limited to reviewing the face of the indictment and more specifically the language used to charge the crimes." *Sharpe*, 438 F.3d at 1263. Here, the indictment contains the language used in the statutes; it gives notice regarding the specific conduct that is charged; and it apprises Defendants of the charges they must be prepared to meet at trial. It is therefore sufficient.

The court notes for the record that Defendants' motions do not contend that the indictment fails to present the essential elements of the charged offenses, notify Defendants of the charges, or enable Defendants to rely upon a judgment under the indictment as a bar against double jeopardy. (*See generally* Def.'s Mots. to Dismiss #147, #148). Accordingly, Defendants effectively failed to file points and authorities in support of their motion. Under Local Criminal Rule 47–9, this "constitute[s] a consent to the denial of the motion."

## II.       Defendants Mistakenly Challenge the Evidence

Having determined that the indictment is sufficient, the court briefly turns to the concern that is at the heart of Defendants' motions to dismiss: that the Government's evidence is insufficient. (*See, e.g.*, Def.'s Mot. to Dismiss (#148) at 30:14–17) ("If this Honorable Court is not inclined to grant the instant motion on its face, then Defendants request an evidentiary hearing pursuant to *Daubert* and *Kumho Tire* wherein Defendants reserve their right to supplement the instant motion.").

5

Rule 12(b) motions to dismiss "cannot be used as a device for a summary trial of the evidence." *Jensen*, 93 F.3d at 669. While the Federal Rules of Civil Procedure provide for summary judgment—that is, a pretrial procedure to challenge the sufficiency of the evidence—there is no summary judgment procedure in criminal cases. *Id.*; *Salman*, 378 F.3d at 1268. Because Defendants have not waived their rights to a jury trial, the court cannot make a pretrial determination concerning the sufficiency of the evidence on the issues raised in Defendants' motion. FED. R. CRIM. P. 12(b)(2) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue").

The gravamen of Defendants' motions to dismiss—(*e.g.*, (1) whether UR–144 and XLR–11 are substantially similar to JWH–18; (2) whether those substances have an effect on the central nervous system that is substantially similar to that of JWH–18; and (3) whether Defendant represented or intended that those substances have such an effect)—raises evidentiary questions "of the general issue" that must either be determined at trial by the jury or challenged by an appropriate motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.

Similarly, many of the issues raised by Defendants' motions to dismiss mistakenly import civil principles from *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) into the criminal sphere. For instance, Defendants repeatedly argue that the indictment should be dismissed "because it fails to set forth any facts from which a reasonable person" could conclude that Defendants are guilty. (*See, e.g.*, Def.'s Mot. to Dismiss (#147) at 5:3, 12:11, 13:22, 14:4, 15:12, 17:18, 18:9, 19:2, 19:18, 20: 8); (*see also* Def.'s Mot. to Dismiss (#148) at 16:3, 18:28, 24:14). These concerns are misplaced in the pretrial stages of a criminal prosecution. *See* FED. R. CRIM. P. 12(b); *Hamling*, 418 U.S. at 117; *Salman*, 378 F.3d at 1268; *see also United States v. Fedida*, 942 F. Supp. 2d 1270, 1272–73 (M.D. Fla. 2013) (denying a motion to dismiss an indictment that charged comparable violations as the instant indictment for possessing the

6

same substances that are alleged in the instant indictment because the motions, like Defendants' instant motions, raised issues of fact that must be resolved at trial); *United States v. Sullivan*, No. 11–cr–3034, 2011 WL 3957425, at *1 (D. Neb. Aug. 17, 2011) (same).

Finally, Defendants also contend in various arguments that the four "fake pot" substances at issue, alpha-PVP, AM2201, UR-144, and XLR-11, cannot be prosecuted under the Controlled Substances Act, 21 U.S.C. §§ 801–904 or the Federal Analogue Act, 21 U.S.C. § 813 and that these statutes are unconstitutionally vague as applied to these substances. (*See* Mot. to Dismiss (#148) at 25–27). These arguments are also mistaken. *See Fedida*, 942 F. Supp. 2d at 1278 (denying a motion to dismiss an indictment that alleged violations of the Controlled Substances Act, 21 U.S.C. §§ 801–904 and the Federal Analogue Act, 21 U.S.C. § 813 for possessing alpha-PVP, AM2201, UR-144, and XLR-11, and holding that neither law is unconstitutionally vague as applied to these substances).

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Defendants' motion to dismiss (#147) be DENIED.

IT IS FURTHER RECOMMENDED that Defendants' motion to dismiss (#148) be DENIED.

IT IS FURTHER RECOMMENDED that Defendants' joinder (#149) be DENIED.

IT IS FURTHER RECOMMENDED that Defendants' joinder (#150) be DENIED.

IT IS FURTHER RECOMMENDED that Defendants' joinder (#154) be DENIED.

IT IS FURTHER RECOMMENDED that Defendants' joinder (#156) be DENIED.

IT IS SO RECOMMEDED.

DATED this 7th day of February, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE